1 | Brett M. Hill, OSB #125425
  | brett.hill@acslawyers.com
2 | Ahlers Cressman & Sleight PLLC
  | 1325 Fourth Avenue, Suite 1850
3 | Seattle, Washington 98101-2571
  | Telephone: (206) 287-9900
4 | Facsimile: (206) 934-1139
5 | **Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| NORTHWEST BORING COMPANY, INC., a Washington corporation; MEDFORD WATER, for the use and benefit of Northwest Boring Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> PILOT ROCK EXCAVATION, INC., an Oregon Corporation; HUDSON INSURANCE COMPANY, Bond No. HA10105481, a Delaware corporation, <br><br> Defendants. | NO. <br><br> COMPLAINT BY NORTHWEST BORING COMPANY, INC. AND MEDFORD WATER, FOR THE USE AND BENEFIT OF NORTHWEST BORING COMPANY, INC., AGAINST PILOT ROCK EXCAVATION, INC. AND HUDSON INSURANCE COMPANY, BOND NO. HA10105481 |

**COMPLAINT**

Plaintiff Northwest Boring Company, Inc. and Medford Water, for the use and benefit of Northwest Boring Company, Inc., ("NW Boring"), alleges as follows:

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 1
101408.7



PH: (206) 287-9900    1325 4TH AVE SUITE 1850
Fax: (206) 934-1139    SEATTLE, WA 98101-2571

## I. PARTIES

1. Northwest Boring Company, Inc. is, and at all times material to this action was, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Washington, is a licensed contractor under the laws of the State of Washington (license no. NORTHB*312QP) and Oregon (license no. 89711), is authorized to conduct business in the State of Oregon, and has met all other prerequisites to maintain this action.

2. NW Boring performed work as a subcontractor for the construction project known as Table Rock Road Resilient Water Pipeline Project CIPW-22-00363 located in Jackson County, Oregon (the "Project"). The owner of this public Project is Medford Water, an agency of the City of Medford.

3. Defendant Pilot Rock Excavation, Inc. ("Pilot Rock"), upon information and belief is, and at all times material to this action was, an Oregon corporation with its principal place of business in Oregon, and the prime contractor to Medford Water on this Project.

4. Defendant Hudson Insurance Company ("Hudson"), on information and belief, is, and at all times material to this action was, a Delaware corporation with its principal place of business in New York, a compensated surety and bonding company for Pilot Rock, and authorized to conduct business as a surety in the State of Oregon.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff NW Boring is a citizen of Washington. Defendant Pilot Rock is a

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 2
101408.7



Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900    1325 4TH AVE SUITE 1850
Fax: (206) 934-1139    SEATTLE, WA 98101-2571

citizen of Oregon. Defendant Hudson is a citizen of Delaware and New York. There is therefore complete diversity between the interested plaintiff and defendants in this matter. The amount in controversy is approximately $962,497.20, excluding applicable interest, fees, costs, and other special damages. Defendant Pilot Rock and Defendant Hudson are jointly and severally liable for approximately $777,211.81 of the amount in contention as damages incurred in connection with labor and materials NW Boring supplied to the Project.

6. This Court also has jurisdiction over claims raised in this action pursuant to 28 U.S.C. § 1367.

7. This action involves a payment dispute on a construction project located in Jackson County, Oregon. Venue is proper in this Judicial District, pursuant to 28 U.S.C. § 1391 because the Project is located in this Judicial District, the events or omissions giving rise to the claims occurred in this District, and Defendant Pilot Rock resides in this District.

8. Pursuant to Local Rule 3-2, this action should be properly assigned to the Medford Division because the claims arose from the Project, which is located in Jackson County, Oregon, and the events or omissions giving rise to the claims occurred in Jackson County, Oregon.

### III. FACTS

9. During the initial bidding of the Project, Pilot Rock solicited an estimate from NW Boring for the excavation of a microtunnel (the "Microtunnel Scope of Work").

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 3
101408.7



10. Ahead of the bid opening for the Project, Pilot Rock advised that they were unable to bond the Microtunnel Scope of Work, and requested that NW Boring secure a letter from NW Boring's surety affirming that NW Boring could furnish a bond for the Microtunnel Scope of Work. NW Boring provided this letter and later furnished the bond.

11. Pilot Rock incorporated NW Boring's estimate into Pilot Rock's prevailing bid for the Project.

12. Pilot Rock further named NW Boring as one of Pilot Rock's subcontractors in Pilot Rock's prevailing bid for the Project that was submitted to Medford Water.

13. Pilot Rock entered into a Prime Contract with Medford Water for construction of the Project.

14. On or about July 25, 2023, Pilot Rock as principal, and Hudson, as surety, bonded themselves jointly and severally in the amount of $15,633,800.00 for the protection of persons supplying labor and materials for the prosecution of the Project through Payment Bond No. HA10105481 (the "Bond") provided to Medford Water. The Bond is attached as **Exhibit A**.

15. On or about June 29, 2023, Pilot Rock and NW Boring entered into an agreement (the "Agreement") whereby NW Boring was to provide labor, equipment, and materials for the Microtunnel Scope of Work for the Project. The Agreement was further memorialized through a written "sub-contract agreement" which Pilot Rock provided to NW Boring.

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 4
101408.7



16. Despite the presence of the Agreement, and unbeknownst to NW Boring, Pilot Rock initiated efforts to lobby Medford Water to delete the Microtunnel Scope of Work from the Project, which would result in a windfall to Pilot Rock. Pilot Rock's effort began at least as early as October 17, 2023.

17. On or around April 26, 2024, Pilot Rock informed NW Boring that the Microtunnel Scope of Work would potentially be shortened and relocated. At this time, Pilot Rock provided no indication that Pilot Rock was acting to have the Microtunnel Scope of Work deleted from the Project entirely.

18. In June 2024, the principal of NW Boring traveled to the Project site to perform a joint inspection with Pilot Rock. During the inspection, Pilot Rock made numerous oral affirmations that NW Boring should be prepared to mobilize to complete the Microtunnel Scope of Work in fall 2024. Pilot Rock once again gave no indication that Pilot Rock was acting to have the Microtunnel Scope of Work deleted from the Project entirely.

19. On October 10, 2024, Pilot Rock signed an agreement with Medford Water to delete the Microtunnel Scope of Work from the Project. Under this agreement, the anticipated microtunnel was deleted and converted to an auger bore, resulting in a windfall to Pilot Rock. Pilot Rock further withheld the existence of this auger bore from NW Boring.

20. On October 16, 2024, Pilot Rock sent an email to NW Boring stating that Pilot Rock had uncovered a utility conflict, that Pilot Rock was working with the design team to decide which direction to go, and that the project manager "may be omitting this

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 5
101408.7



bore from the project all together and putting out to re-bid next Spring once they figure out which direction they want to go." This was a lie to keep NW Boring from discovering that Pilot Rock had the Microtunnel Scope of Work deleted from the Project. This email is attached as **Exhibit B**.

21.   NW Boring has undertaken substantial efforts to perform all conditions, covenants, obligations, and promises required to be performed on its part under the Agreement or has been excused from so doing by the actions and/or omissions of Pilot Rock or by operation of law but has not been paid in full for its work.

22.   NW Boring has incurred damages of approximately $962,497.20, with the exact amount to be proven at the time of trial, for which NW Boring remains uncompensated as of the date of filing.

## IV.    FIRST CAUSE OF ACTION:

## BREACH OF CONTRACT FOR SUMS OWING

23.   Pilot Rock's conduct in acting to delete NW Boring's scope of work and then failing and refusing to timely pay NW Boring for all labor and materials provided to the Project, as well as NW Boring's lost profits on the deleted scope of work, constitutes a breach of the Agreement.

24.   As a direct and proximate result of Pilot Rock's breach, NW Boring has suffered damages in the amount of $962,497.20, or such other sum as will be proven at trial, together with interest at the maximum legally permissible rate from the date said sums were due, costs, attorneys' and expert witness fees, and such other amounts as may be proven at trial.

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 6
101408.7



## V. SECOND CAUSE OF ACTION:

## CLAIM AGAINST PAYMENT BOND UNDER ORS 279C.600 *et seq*

25. At the time of filing suit, less than two years has expired from the last date upon which NW Boring furnished labor and materials to the Project. NW Boring has provided notice as required under 279C.605, and has otherwise satisfied all the requirements for pursuing a claim against the Bond.

26. In accordance with the terms of the Bond and ORS 279C.600 *et seq*, Pilot Rock and Hudson are jointly and severally liable to NW Boring in the principal amount of $777,211.81, or such other sums as will be proven at trial, together with interest at the maximum rate legally permissible from the date said sums were due, costs, attorneys' and expert consultant's fees, and such other amounts as may be proven at trial.

## VI. THIRD CAUSE OF ACTION:

## QUANTUM MERUIT

27. NW Boring provided labor and materials to the Project for and on behalf of Pilot Rock in the reasonable amount of $777,211.81, or such other sums as will be proven at trial.

28. NW Boring is entitled to be compensated for the fair and reasonable value of its labor, material, and services, together with interest at the maximum rate legally permissible from the date said sums were due, costs, attorneys' and expert consultant's fees, and such other amounts as may be proven at trial.

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900
Fax: (206) 934-1139
1325 4TH AVE SUITE 1850
SEATTLE, WA 98101-2571

## VII.   FOURTH CAUSE OF ACTION:

## BREACH OF IMPLIED CONTRACT

29. Pilot Rock's conduct indicated that NW Boring was going to perform the Microtunnel Scope of Work for the Project.

30. Pilot Rock incorporated NW Boring's estimate for the Microtunnel Scope of Work in Pilot Rock's bid for the Project.

31. Pilot Rock made repeated statements to NW Boring that NW Boring would perform the Microtunnel Scope of Work for the Project. These included statements that NW Boring should be prepared to mobilize for the Project in Fall 2024.

32. The principal of NW Boring traveled to the Project site for a joint inspection with Pilot Rock in preparation for performance of the Microtunnel Scope of Work.

33. Pilot Rock provided NW Boring with a "sub-contract agreement" to memorialize the conditions surrounding NW Boring's performance of the Microtunnel Scope of Work.

34. Pilot Rock took these actions to induce NW Boring to prepare to perform the Microtunnel Scope of Work, and induce NW Boring to abstain from taking on, or otherwise allocating resources towards, other construction projects taking place around Fall 2024.

35. In taking these actions, Pilot Rock formed an implied contract with NW Boring, under which NW Boring was to perform the Microtunnel Scope of Work for the Project.

COMPLAINT FOR SUMS OWING
AND AGAINST PAYMENT BOND – 8
101408.7



Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900          1325 4TH AVE SUITE 1850
Fax: (206) 934-1139         SEATTLE, WA 98101-2571

36. Pilot Rock continually represented and acted as though NW Boring was to perform the Microtunnel Scope of Work for the Project. NW Boring reasonably relied upon Pilot Rock's conduct and provided labor and materials to the Project while abstaining from allocating resources to other construction projects so that NW Boring would be prepared to perform the Microtunnel Scope of Work.

37. As a direct and proximate result of NW Boring's reliance on Pilot Rock's conduct and assurances, NW Boring has suffered damages in the amount of $962,497.20, or such other sum as will be proven at trial, together with interest at the maximum legally permissible rate from the date said sums were due, costs, attorneys' and expert witness fees, and such other amounts as may be proven at trial.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, NW Boring prays for Judgment as follows:

A. Against Pilot Rock and Hudson, jointly and severally, for the sum of $777,211.81, or such other sum as will be proven at trial.

B. Against Pilot Rock for lost profits in the amount of $185,285.39, or such other sum as will be proven at trial.

C. Interest on all unpaid amounts, set at the maximum rate allowed by applicable law.

D. Additional penalty interest on all such unpaid amounts in accordance with ORS 279C.580, set at the maximum rate allowed by applicable law.

COMPLAINT FOR SUMS OWING AND AGAINST PAYMENT BOND – 9
101408.7



E.  Attorneys' fees and costs, including expert witness fees, as may be authorized by contract, ORS 742.061, or equity.

F.  For such other and further relief as the Court may deem just and equitable.

DATED: This 3rd day of March 2025.

          **AHLERS CRESSMAN & SLEIGHT PLLC**

          By:  */s/ Brett M. Hill*
            Brett M. Hill, OSB #125425
            Brett.Hill@acslawyers.com
            Ahlers Cressman & Sleight PLLC
            1325 Fourth Avenue, Suite 1850
            Seattle, Washington 98101-2571
            Phone : (206) 287-9900
            Fax: (206) 934-1139
            *Attorneys for Plaintiff Northwest Boring Company, Inc.*

COMPLAINT FOR SUMS OWING AND AGAINST PAYMENT BOND – 10
101408.7

# EXHIBIT A

Bond Number: HA10105481

# PAYMENT BOND

KNOW ALL PERSONS BY THESE PRESENTS: That we Pilot Rock Excavation Inc as Principal, and Hudson Insurance Company as surety, are jointly and severally held and bound unto Medford Water, City of Medford, Oregon in the sum of Fifteen Million Six Hundred Thirty-three Thousand Eight Hundred Dollars and No/100ths ($15,633,800.00) for the payment of which we jointly and severally bind ourselves, our heirs, executors, administrators and assigns and/or successors and assigns, firmly by these presents.

THE CONDITION OF THIS BOND IS SUCH

That, whereas said Principal herein has made and entered into a certain contract, a copy of which is hereto annexed, with Medford Water, which contract, together with the plans, specifications, standard specifications, and special provisions, is hereby made a part hereof, whereby the said Principal agrees to perform said contract in accordance with all the terms, conditions, requirements and specifications set out or incorporated therein.

NOW, THEREFORE, if the Principal herein shall faithfully and truly observe and comply with the terms, conditions and provisions of the said contract in all respects, and shall well and truly and fully do and perform all matters and things by themself undertaken to be performed under said contact upon the terms set forth, and within the time prescribed therein, or as extended as provided in the contract, and shall indemnify and save harmless Medford Water, its officers and agents, against any direct or indirect damages that shall be suffered or claimed, or against any claims for injuries to persons or property arising during the construction of said work before the same is accepted; and shall promptly pay all laborers, mechanics, subcontractors and materialmen; and shall promptly make payments to all persons supplying to the contractor or contractors or subcontractors, labor or materials for the prosecution of the work or any part thereof provided in said contract and shall pay all contributions or amounts due the State Industrial Accident Fund or the State Unemployment Trust Fund from such contractor or subcontractors incurred in the performance of said contract, and shall pay all other just debts, dues and demands incurred in the performance of the work and shall pay Medford Water such damages as may accrue to Medford Water under said contact, or on breach thereof, and shall in all respects perform said contract according to law, then this obligation is to be void, otherwise to remain in full force and effect.

WITNESS our hands this 25th day of July ,2023.

Bond Number: HA10105481

Pilot Rock Excavation Inc
---
CONTRACTOR NAME

356 Bateman Drive, Central Point, OR  97502
---
MAILING ADDRESS

(SEAL)

(541) 779-4916
---
PHONE NUMBER

*[signature]*
---
PRINCIPAL SIGNATURE

Alyson Fowler
---
PRINCIPAL PRINTED NAME

By: _____
CONTRACTOR'S ATTORNEY-IN-FACT


Hudson Insurance Company
---
NAME OF BONDING COMPANY

100 William St., 5th Floor New York, NY 10038
---
BONDING COMPANY ADDRESS

(SEAL)

*Lois F. Weathers*
---
AGENT SIGNATURE  Lois F. Weathers, Attorney-in-Fact

2045 Cardinal Avenue, Suite 300, Medford, OR 97501
---
AGENT ADDRESS

(541) 414-6194
---
AGENT PHONE NUMBER



Bond Number: HA10105481

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That HUDSON INSURANCE COMPANY, a corporation of the State of Delaware, with offices at 100 William Street, New York, New York, 10038, has made, constituted and appointed, and by these presents, does make, constitute and appoint

**Lois F Weathers**

**of the State of OR**

its true and lawful Attorney(s)-in-Fact, at New York, New York, each of them alone to have full power to act without the other or others, to make, execute and deliver on its behalf, as Surety, bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking shall obligate said Company for any portion of the penal sum thereof in excess of the sum of

**Fifteen Million Six Hundred and Thirty-Three Thousand Eight Hundred Dollars and Zero Cents**

Such bonds and undertakings when duly executed by said Attorney(s)-in-Fact, shall be binding upon said Company as fully and to the same extent as if signed by the President of said Company under its corporate seal attested by its Secretary.

In Witness Whereof, HUDSON INSURANCE COMPANY has caused these presents to be of its Senior Vice President thereunto duly authorized, on this __2nd__ day of __June__, 20 __22__ at New York, New York.

(seal)

Attest............................
Dina Daskalakis No. 01MU6067553
Corporate Secretary

**HUDSON INSURANCE COMPANY**

By............................
Michael P. Cifone
Senior Vice President

STATE OF NEW YORK
COUNTY OF NEW YORK.    SS.

On the __2nd__ day of __June__, 20 __22__ before me personally came Michael P. Cifone to me known, who being by me duly sworn did depose and say that he is a Senior Vice President of **HUDSON INSURANCE COMPANY**, the corporation described herein and which executed the above instrument, that he knows the seal of said Corporation, that the seal affixed to said instrument is such corporate seal, that it was so affixed by order of the Board of Directors of said Corporation, and that he signed his name thereto by like order.

(Notarial Seal) 

............................
ANN M. MURPHY
Notary Public, State of New York
No. 01MU6067553
Qualified in Nassau County
Commission Expires December 10, 2025

## CERTIFICATION

STATE OF NEW YORK
COUNTY OF NEW YORK    SS.

The undersigned **Dina Daskalakis** hereby certifies:

That the original resolution, of which the following is a true and correct copy, was duly adopted by unanimous written consent of the Board of Directors of Hudson Insurance Company dated July 27th, 2007, and has not since been revoked, amended or modified:

"RESOLVED, that the President, the Executive Vice Presidents, the Senior Vice Presidents and the Vice Presidents shall have the authority and discretion, to appoint such agent or agents, or attorney or attorneys-in-fact, for the purpose of carrying on this Company's surety business, and to empower such agent or agents, or attorney or attorneys-in-fact, to execute and deliver, under this Company's seal or otherwise, bonds obligations, and recognizances, whether made by this Company as surety thereon or otherwise, indemnity contracts, contracts and certificates, and any and all other contracts and undertakings made in the course of this Company's surety business, and renewals, extensions, agreements, waivers, consents or stipulations regarding undertakings so made; and

FURTHER RESOVLED, that the signature of any such Officer of the Company and the Company's seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seal when so used whether heretofore or hereafter, being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed."

THAT the above and foregoing is a full, true and correct copy of Power of Attorney issued by said Company, and of the whole of the original and that the said Power of Attorney is still in full force and effect and has not been revoked, and furthermore that the Resolution of the Board of Directors, set forth in the said Power of Attorney is now in force.

Witness the hand of the undersigned and the seal of said Corporation this __25th__ day of __July__, 20 __23__.

seal)

By............................
Dina Daskalakis, Corporate Secretary

# EXHIBIT B

**From:** Jeff Fowler <jeff@pilotrockx.com>
**Sent:** Wednesday, October 16, 2024 6:39 AM
**To:** Dennis Molvik <dennis.molvik@nwboring.com>
**Cc:** Don Gonzales <DGonzales@nwboring.com>; Mike Ussary <mike@pilotrockx.com>
**Subject:** RE: TRR Resilient Water Pipeline - Subcontract

Dennis,

I apologize for the delay in response as I have been working around the clock. I want to be quite frank with you in regards to the communications regarding this project; First of all I have clearly communicated with NWB that the bore in question was getting re-designed and we did not know what was happening. We found a utility conflict that would hamper the original design. As of today we are still doing exploratory excavations/potholing to help the design team decipher which direction to go. As of yesterday I was told by the Project Manager that they may be omitting this bore from the project all together and putting out to re-bid next Spring once they figure out what direction they want to go.

At this time, and until further notice NWB should assume that this bore is not moving forward, and if it does the project would likely need to go to re-bid as a much smaller auger bore. I will let you know if the team decides to revert to micro-tunnel method, and keeps within Pilot Rock's current contract.

Regards,


*Jeff Fowler, V.P.*
*Pilot Rock Excavation, Inc*
*jeff@pilotrockx.com*
*Cell: 541-951-7412*
*CCB# 157139*

*" Your Excavation and Pipeline Specialists "*